# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1279 | **DATE** | 2/25/2011 |
| **CASE TITLE** | White vs. Rosell et al | | |

**DOCKET ENTRY TEXT**

The Court dismisses this lawsuit in its entirety and also denies Plaintiff's motions to proceed in forma pauperis [5] and for appointment of counsel [4]. *See* 28 U.S.C. § 1915(e)(2).

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

On February 23, 2011, pro se Plaintiff Frank W. White filed the present Complaint against Defendant United States Department of Labor, Office of Workers' Compensation Program pursuant to Federal Employees Compensation Act ("FECA"), 5 U.S.C. § 8101, *et seq*. Plaintiff also seeks to proceed in forma pauperis in lieu of paying the $350 filing fee. *See* 28 U.S.C. § 1915(a)(1). For the following reasons, the Court dismisses this lawsuit in its entirety and also denies Plaintiff's motions to proceed in forma pauperis and for appointment of counsel. *See* 28 U.S.C. § 1915(e)(2).

### LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court must look beyond Plaintiff's financial status and review his claims to determine whether the action he alleges is frivolous or malicious, fails to state a claim on which relief may be granted, or if it is seeking damages from a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Jones v. Bock,* 549 U.S. 199, 214, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 829 (7th Cir. 2009). Moreover, federal courts can raise the issue of subject matter jurisdiction sua sponte at any stage of the proceedings. *See Fednav Int'l Ltd. v. Continental Ins. Co.,* 624 F.3d 834, 837 (7th Cir. 2010).

| | Courtroom Deputy Initials: | KF |
|---|---|---|

# ANALYSIS

Construing pro se Plaintiff's allegations liberally, *see McGee v. Bartow,* 593 F.3d 556, 565-66 (7th Cir. 2010), he alleges that Defendant violated his constitutional rights in 1983 when it terminated and disallowed Plaintiff's future Office of Workers' Compensation Programs ("OWCP") benefits. He also claims that Defendant violated his constitutional rights when it failed to process his February 22, 2009 request for the reinstatement of workers' compensation benefits. Plaintiff's allegations stem from a 1972 injury he suffered while working at the Sequoyah Nuclear Plant in Tennessee. After his injury, the OWCP granted Plaintiff workers' compensation from September 26, 1972 until June 16, 1983. Meanwhile, Plaintiff filed a similar lawsuit in this district on January 27, 2011, which Judge Leinenweber dismissed for failing to state a cognizable claim because Plaintiff did not allege any constitutional violations. (*See* 11 C 0616, R. 6.)

As Judge Leinenweber explained, a decision by the OWCP is final and "not subject to review by another official of the United States or by a court by mandamus or otherwise." *See* 5 U.S.C. § 8128(b). A federal district court, however, has jurisdiction to consider a federal employee's constitutional claim concerning a OWCP decision or action. *See Czerkies v. United States Dept. of Labor,* 73 F.3d 1435, 1442 (7th Cir. 1996) (en banc). As the *Czarkies* decision teaches, "courts do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms." *Id.* at 1439 (citation omitted).

First, Plaintiff does not explain why he waited approximately twenty-eight years to bring his claim based on Defendant's 1983 conduct. Indeed, the statute of limitations for constitutional claims arising in Illinois is only two years. *See Brooks v. City of Chicago,* 564 F.3d 830, 832 (7th Cir. 2009). Thus, any constitutional claim based on Defendant's conduct that occurred before February 2009 is untimely. Moreover, from the Complaint's attachments and the public record, it is apparent that this claim has already been litigated. *See Gburek v. Litton Loan Servicing, LP,* 614 F.3d 380, 384 (7th Cir. 2010) (exhibits attached to complaint are part of the pleading) (citing Fed.R.Civ.P. 10(c)); *see also Deicher v. City of Evansville, Wis.*, 545 F.3d 537, 541 (7th Cir. 2008) (courts may take judicial notice of documents contained in the public record).

Meanwhile, Plaintiffs' Americans with Disabilities Act and Rehabilitation Act claims related to the 1972 incident and against the Tennessee Valley Authority were litigated in the Eastern District of Tennessee and are presently before the United States Court of Appeals for the Sixth Circuit. In its decision denying Plaintiff's claims, the district court judge discussed the background of Plaintiff's workers' compensations claims, including the fact that the OWCP issued its final denial on his workers' compensation claims in March 1988. *See White v. Kilgore*, No. 10 CV 0053, 2011 WL 144916, at *2 (E.D. Tenn. Jan. 18, 2011). Also, in his ADA complaint, Plaintiff admits that he engaged in a series of appeals regarding the denial of his workers' compensation claim culminating in the 1988 final denial. (*See* 10 C 0053, R. 7, at 27.) Thus, it is no wonder that Defendant did not process the February 2009 claim – as Plaintiff alleges – because it could not based on the 1988 final decision denying Plaintiff's workers' compensation claims.

Accordingly, the Court denies Plaintiff's present Complaint for failing to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). *See DeWalt v. Carter,* 224 F.3d 607, 611 (7th Cir. 2000).